# **EXHIBIT I**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 2397 and 2398** 2721, 2901 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF WOODBRIDGE GROUP OF COMPANIES, LLC AND ITS AFFILIATED DEBTORS

Upon consideration of the *First Amended Joint Chapter 11 Plan of Liquidation of*

*Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2397] (annexed

hereto as **Exhibit A**, and including all exhibits thereto, and as amended, supplemented, or

modified from time to time pursuant to the terms thereof, the "Plan"[2]) proposed by Woodbridge

Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the

"Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"); and the

Debtors having filed the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of*

*Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket

No. 2398] (the "Disclosure Statement"); and this Bankruptcy Court having approved the

Disclosure Statement as containing adequate information by order dated August 22, 2018

---

[1]    The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses is attached to the Plan as Exhibit 1.

[2]    Capitalized terms used but not otherwise defined in this Confirmation Order have the meanings ascribed to those Defined Terms in the Plan. Any term used in this Confirmation Order that is not defined in the Plan or in this Confirmation Order, but that is defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. The rules of interpretation and construction set forth in Article I of the Plan shall apply to this Confirmation Order. Among other things, those rules of interpretation and construction provide that the word "including" shall be deemed to mean "including, without limitation,".

[Docket No. 2396] (the "Disclosure Statement Order"); and the Debtors having filed the Plan

Supplement on September 24, 2018 [Docket No. 2657]; and upon the affidavits of service and

publication filed reflecting compliance with the notice and solicitation requirements of the

Disclosure Statement Order [Docket Nos. 2553, 2575, 2651, 2669, 2671, 2689, 2718 & 2740]

(the "Notice Affidavits"); and upon the *Notice of (I) Approval of Disclosure Statement,*

*(II) Establishment of Voting Record Date, (III) Hearing on Confirmation of Plan and Procedures*

*and Deadline for Objecting to Confirmation of Plan, and (IV) Procedures and Deadline for*

*Voting on Plan* [Docket No. 2399] (the "Confirmation Hearing Notice"); and upon the

*Declaration of Emily Young of Epiq Certifying the Methodology for the Tabulation of Votes on*

*and Results of Voting With Respect to the First Amended Joint Chapter 11 Plan of Liquidation of*

*Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2836], filed with

the Bankruptcy Court on October 19, 2018 (the "Voting Certification"); and upon the

*Declaration of Bradley D. Sharp in Support of Confirmation of the First Amended Joint Chapter*

*11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors*

[Docket No. 2829], the *Declaration of Frederick Chin in Support of Confirmation of the First*

*Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its*

*Affiliated Debtors* [Docket No. 2832], and the *Declaration of Soneet R. Kapila* [Docket No.

2834] each filed with the Bankruptcy Court on October 19, 2018 (together, the "Confirmation

Declarations"); and upon the *Debtors' Memorandum of Law (I) in Support of Confirmation of*

*the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies,*

*LLC and Its Affiliated Debtors; and (II) in Response to Filed Confirmation Objections* [Docket

No. 2828], filed with the Bankruptcy Court on October 19, 2018 (the "Confirmation

Memorandum"); and upon the *Debtors' Motion for Approval of Certain Compromises and*

*Settlements, Partial Substantive Consolidation, and Related Relief with Respect to the Plan*

01:23612598.8

[Docket No. 2721], filed with the Bankruptcy Court on October 3, 2018 (the "Plan Settlements Motion"); and any objections to the Plan having been resolved or overruled by the Bankruptcy Court pursuant to this Confirmation Order; and a hearing having been held on October 24, 2018 (the "Confirmation Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Confirmation Hearing; and the Bankruptcy Court having reviewed all documents in connection with Confirmation and having heard all parties desiring to be heard; and upon the complete record of these Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; and for the reasons set forth in the accompanying Opinion on Confirmation, the Bankruptcy Court hereby makes the following:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.   **Findings of Fact and Conclusions of Law.**  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing and the Opinion on Confirmation,[3] constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the Debtors' Cases pursuant to 28 U.S.C. §§ 157(a) and 1334.  Venue of these proceedings and the Cases is proper in this district and in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and

---

[3]   The findings of fact and conclusions of law set forth herein and announced on the record during the Confirmation Hearing shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is any direct conflict that cannot be reconciled, then, solely to the extent of such conflict, any findings of fact or conclusions of law announced on the record at the Confirmation Hearing or in the Opinion on Confirmation shall govern and shall control and take precedence over the provisions of this Confirmation Order.

01:23612598.8

1409.  Confirmation of the Plan, approval of the compromises and settlements incorporated into the Plan, and authorization of the acts necessary or appropriate to implement the Plan are each core bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2).  The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and the Bankruptcy Court has the constitutional power and authority to enter a final order with respect thereto.

      C.      **Chapter 11 Petitions.**  On December 4, 2017, 279 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on February 9, 2018, March 9, 2018, March 23, 2018, and March 27 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are proper debtors under Bankruptcy Code section 109 and are proper proponents of the Plan under Bankruptcy Code section 1121(a).  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in these Cases.

      D.      **Judicial Notice.**  The Bankruptcy Court takes judicial notice of the docket in these Cases maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, submitted, or adduced at the hearings held before the Bankruptcy Court during these Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

      E.      **Plan Supplement.**  The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy

Rules, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with the Plan, this Confirmation Order, or applicable law.

      F.     **Notice of Transmittal, Mailing, and Publication of Materials.** As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, Ballots, Confirmation Hearing Notice, and Notice of Non-Voting Status (as defined in the Disclosure Statement Order) were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law, and such parties each had an opportunity to appear and be heard with respect thereto. No other or further notice is required. The publication of the Confirmation Hearing Notice as set forth in the Notice Affidavits complied with the Disclosure Statement Order.

      G.     **Voting.** The procedures by which the Ballots for acceptance or rejection of the Plan and for making related elections were distributed and tabulated were fair, properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable nonbankruptcy law, the Plan, and the Disclosure Statement Order.

      H.     **Bankruptcy Rule 3016.** In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the plan proponents. The filing of the Disclosure Statement with the clerk of the Bankruptcy Court satisfied Bankruptcy Rule 3016(b). The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be

enjoined and identify the Persons that would be subject to injunctions. Bankruptcy Rule 3016(c) is therefore satisfied.

I. **Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(1).

J. **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).** The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. In addition to Administrative Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims, which need not be classified, the Plan designates eight (8) different Classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests. Thus, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

K. **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).** Article III of the Plan specifies that Class 1 (Other Secured Claims) and Class 2 (Priority Claims) are Unimpaired under the Plan. Thus, the requirement of Bankruptcy Code section 1123(a)(2) is satisfied.

L. **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).** Article III of the Plan designates Class 3 (Standard Note Claims), Class 4 (General Unsecured Claims), Class 5 (Unit Claims), Class 6 (Non-Debtor Loan Note Claims), Class 7 (Subordinated Claims), and Class 8 (Equity Interests) as Impaired and specifies the treatment of Claims and Equity Interests in such Classes. Thus, the requirement of Bankruptcy Code section 1123(a)(3) is satisfied.

01:23612598.8

6

M.      **No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.  Thus, the requirement of Bankruptcy Code section 1123(a)(4) is satisfied.

N.      **Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**  The Plan and the additional documents included in the Plan Supplement provide adequate and proper means for the Plan's implementation.  Thus, the requirements of Bankruptcy Code section 1123(a)(5) are satisfied.

O.      **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**  The Plan does not provide for the issuance of any non-voting equity securities of any corporation, and each of the Debtors will eventually be dissolved under the Plan.  Therefore, the requirement of Bankruptcy Code section 1123(a)(6) is satisfied.

P.      **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).**  Section 5.3 of the Plan provides for the creation of the Wind-Down Entity and for the appointment of the Wind-Down CEO and the Wind-Down Board to serve with respect to the Wind-Down Entity, including with the authority detailed in Section 5.3.4 of the Plan and in the Wind-Down Governance Agreement.  The initial Wind-Down CEO was selected by consensus of the three Committees with his compensation terms disclosed in the Plan Supplement, and any successor Wind-Down CEO will be appointed pursuant to Section 5.3.7 of the Plan.  Section 5.4 of the Plan provides for the creation of the Liquidation Trust and for the appointment of the Liquidation Trustee and the Liquidation Trust Supervisory Board to serve with respect to the Liquidation Trust, including with the authority detailed in Section 5.4.5 of the Plan and in the Liquidation Trust Agreement.  The initial Liquidation Trustee was selected by consensus of the three

01:23612598.8

7

Committees with his compensation terms set forth in Section 5.4.1(a) of the Plan, and any successor Liquidation Trustee will be appointed pursuant to the Liquidation Trust Agreement. All these selection, disclosure, and replacement mechanisms are consistent with the interests of the Creditors and Holders of Equity Interests and with public policy. Therefore, Bankruptcy Code section 1123(a)(7) is satisfied.

Q.      **Additional Plan Provisions (11 U.S.C. § 1123(b)).** The Plan's other provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules:

i.      **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).** The Debtors have exercised reasonable business judgment in determining to assume and assign or to reject, as the case may be, certain executory contracts and unexpired leases under the terms of the Plan and this Confirmation Order, and such assumptions and assignments, or such rejections, as applicable, are justified and appropriate in these Cases.

ii.     **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3) & (b)(6)).** All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of Bankruptcy Code section 1123(b) and Bankruptcy Rule 9019.[4] In particular, the Bankruptcy Court finds that the Plan's comprehensive compromises and settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable. Such findings support granting the Plan Settlements Motion.

iii.    **Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b)).** The releases, exculpations, and injunctions provided in the Plan are (i) within the jurisdiction and

---

[4]     For the avoidance of doubt, all references to Bankruptcy Rule 9019 contained in the Plan or this Confirmation Order refer only to the settlements and compromises embodied in the Plan.

power of the Bankruptcy Court under 28 U.S.C. § 1334; (ii) integral elements of the transactions incorporated into the Plan and inextricably bound with the other provisions of the Plan; (iii) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims; (iv) in the best interests of the Debtors and the Estates; (v) fair, equitable, and reasonable; (vi) given and made after due notice and opportunity for hearing; (vii) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties; and (viii) otherwise consistent with sections 105, 524, 1123, 1129, 1141, and other applicable provisions of the Bankruptcy Code and other applicable law.

      R.     **Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** Pursuant to Bankruptcy Code section 1129(a)(2), the Debtors have complied with the applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122, 1123, 1124, 1125, and 1126, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplement, and all other matters considered by the Bankruptcy Court in connection with the Cases.

      S.     **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).** The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Cases, the Plan itself, and the process leading to its formulation. The Plan is the result of extensive, good faith, arms' length negotiations among the Debtors and key stakeholders, including all three of the official Committees, and is supported

by the Creditors and other parties in interest in the Cases. The Plan promotes the objectives and

purposes of the Bankruptcy Code by orderly administering the property of the Debtors and the

Estates, resolving myriad disputed intercompany and intercreditor Claims, Liens, and Causes of

Action that otherwise could take years to resolve—which would delay and undoubtedly reduce

the Distributions that ultimately would be available for all Creditors—and otherwise enabling

equality of distribution and the speedy yet efficient disposition of assets.

T.      **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).** The

procedures set forth in the Plan for the Bankruptcy Court's approval of the fees, costs, and

expenses to be paid in connection with the Cases, or in connection with the Plan and incident to

the Cases, satisfy the objectives of, and are in compliance with, Bankruptcy Code section

1129(a)(4).

U.      **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).** Section 5.2.1 of the

Plan provides that, on the Effective Date, each of the Debtors' existing directors, officers, and

managers shall be terminated automatically. The initial Wind-Down CEO, Wind-Down Board,

Liquidation Trustee, and Liquidation Trust Supervisory Board were selected by representatives

of the key affected stakeholders, and their identities and compensation terms are set forth in the

Plan or the Plan Supplement; the appointment to such offices of such individuals is consistent

with the interests of the Debtors' creditors and interest holders and with public policy. Thus, the

Plan satisfies Bankruptcy Code section 1129(a)(5).

V.      **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Plan does not provide for any

rate change that requires regulatory approval. Bankruptcy Code section 1129(a)(6) is thus not

applicable.

W.    **Best Interests of Holders of Claims and Equity Interests (11 U.S.C.**

**§ 1129(a)(7)).** The "best interests" test under Bankruptcy Code section 1129(a)(7) is satisfied as

to all Impaired Classes under the Plan, as each Holder of a Claim or Equity Interest in such

Impaired Classes either has voted to accept the Plan or will receive or retain property of a value,

as of the Effective Date of the Plan, that is not less than the amount that such Holder would

receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  More

specifically, the liquidation analysis [Docket No. 2398, Exhibit B] filed by the Debtors, the

Confirmation Declarations, and all other applicable evidence proffered or adduced at the

Confirmation Hearing (i) are reasonable, persuasive, and credible; (ii) are based on reasonable

and sound methodologies and assumptions; (iii) provide a reasonable estimate of the liquidation

values of the Debtors upon hypothetical conversion to cases under chapter 7 of the Bankruptcy

Code; and (iv) establish that each Holder of a Claim or Equity Interest in the Impaired Classes

will receive or retain, on account of such Claim or Equity Interest, property under the Plan of a

value, as of the Effective Date of the Plan, that is not less than the amount that such Holder

would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

X.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).** The Holders of

Claims in Class 1 and Class 2 are left Unimpaired under the Plan.  The Holders of Claims in

Class 3, Class 4, Class 5, and Class 6 have voted to accept the Plan in accordance with the

Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.  However, Class 7

(Subordinated Claims) and Class 8 (Equity Interests) are deemed to have rejected the Plan

pursuant to Bankruptcy Code section 1126(g).  Accordingly, Bankruptcy Code section

1129(a)(8) has not been and cannot be satisfied as to those Classes.  The Plan, however, is still

01:23612598.8

confirmable because it satisfies the nonconsensual confirmation provisions of Bankruptcy Code section 1129(b), as set forth below.

Y.      **Treatment of Administrative, DIP, Priority, Priority Tax, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).**  The treatment of Administrative Claims, DIP Claims, Priority Claims, Priority Tax Claims, and Professional Fee Claims pursuant to Article III and Section 11.2 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

Z.      **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**  Class 3, Class 4, Class 5, and Class 6 are each an Impaired Class of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any Insider.  Therefore, the requirement of Bankruptcy Code section 1129(a)(10) is satisfied.

AA.     **Feasibility (11 U.S.C. § 1129(a)(11)).**  The evidence provided in support of Confirmation establishes that the assets to be vested in the Wind-Down Entity and the Liquidation Trust will be sufficient to enable the Wind-Down CEO and Liquidation Trustee to perform the duties and functions outlined under the Plan and to satisfy post-Effective-Date obligations.  Furthermore, reasonable, persuasive, and credible evidence proffered or adduced at or prior to the Confirmation Hearing establishes that the Plan is feasible.  Finally, given that the Plan provides for the eventual dissolution of each of the Debtors and contemplates the liquidation or other final administration of all the Debtors' property, confirmation of the Plan is not likely to be followed by the need for further financial reorganization.  Thus, Bankruptcy Code section 1129(a)(11) is satisfied.

BB.     **Payment of Fees (11 U.S.C. § 1129(a)(12)).**  The Plan requires that all fees payable under 28 U.S.C. § 1930 have been paid or will be paid pursuant to Section 11.3 of the Plan, thus satisfying the requirement of Bankruptcy Code section 1129(a)(12).

CC.   **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)).**  Bankruptcy Code sections 1129(a)(13)–(16) are inapplicable as the Debtors (i) do not provide "retiree benefits" as defined in Bankruptcy Code section 1114 (§ 1129(a)(13)), (ii) have no domestic support obligations (§ 1129(a)(14)), (iii) are not individuals (§ 1129(a)(15)), and (iv) are not nonprofit corporations (§ 1129(a)(16)).

DD.   **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).**  The classification and treatment of Claims and Equity Interests in Classes 7 and 8, which are deemed to have rejected the Plan, is proper pursuant to Bankruptcy Code section 1122, does not discriminate unfairly, and is fair and equitable pursuant to Bankruptcy Code section 1129(b)(1).  There is no Class of Claims or Equity Interests junior to the Holders of Claims or Equity Interests in Class 7 or Class 8 that will receive or retain property under the Plan on account of their Claims or Equity Interests.  Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Plan.  Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(b) with respect to Class 7 and Class 8.

EE.   **Only One Plan (11 U.S.C. § 1129(c)).**  The Plan is the only chapter 11 plan currently proposed in the Cases, and the requirements of Bankruptcy Code section 1129(c) are therefore satisfied.

FF.   **Principal Purpose (11 U.S.C. § 1129(d)).**  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the Confirmation of the Plan on any such grounds.  Accordingly, Bankruptcy Code section 1129(d) is inapplicable.

GG.     **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the

Debtors have met their burden of proving the elements of Bankruptcy Code section 1129(a) &

(b) by a preponderance of the evidence, the Plan satisfies all the requirements for Confirmation

set forth in Bankruptcy Code section 1129, and the Plan should be confirmed.

HH.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtors and their Related

Parties have acted in good faith within the meaning of Bankruptcy Code section 1125(e) and in

compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and

Disclosure Statement Order in connection with all of their respective activities relating to the

solicitation of acceptances of the Plan and their participation in the activities described in

Bankruptcy Code section 1125, and they are entitled to the protections afforded by Bankruptcy

Code section 1125(e) and the injunction and exculpation provisions set forth in Article XI of the

Plan.

II.     **Executory Contracts and Unexpired Leases.**  The Debtors have exercised

reasonable business judgment in determining whether to assume or reject their executory

contracts and unexpired leases pursuant to Article VI of the Plan.  Each assumption or rejection

of an executory contract or unexpired lease pursuant to Article VI of the Plan and the Schedule

of Assumed Agreements, as amended, shall be legal, valid, and binding upon the Wind-Down

Entity and all non-debtor parties (and their assignees or successors) to such executory contracts

or unexpired leases, all to the same extent as if such assumption or rejection had been effectuated

pursuant to an order of the Bankruptcy Court entered before Confirmation under Bankruptcy

Code section 365.

JJ.     **Cure and Adequate Assurance.**  The Debtors have cured, or provided adequate

assurance that the Wind-Down Entity will cure, defaults (if any) under or relating to each of the

executory contracts and unexpired leases that are being assumed by the Debtors pursuant to the Plan or otherwise.  In addition, the Debtors have provided adequate assurance of future performance regarding the executory contracts and unexpired leases that are being assumed by the Debtors and assigned to the Wind-Down Entity.

      KK.    **Retention of Jurisdiction.**  The Bankruptcy Court may and will properly retain jurisdiction and power over the matters set forth in Article X of the Plan.

      LL.    **Consummation in Good Faith.**  The Debtors, the Committees, the Wind-Down Entity, the Liquidation Trust, and their respective Related Parties will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers, and Distributions contemplated thereby; and (ii) take the other acts or actions authorized and directed by this Confirmation Order.

      MM.    **[Intentionally Omitted]**

      NN.    **Conduct of a Ponzi Scheme.**  The evidence demonstrates, and the Bankruptcy Court hereby finds, that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered no later than December 2017.

      OO.    **Plan Modifications.**  The Debtors have made certain modifications to the Plan, which modifications are incorporated in the Plan as attached hereto as **Exhibit A**, including to resolve confirmation objections as follows:

- The Schedule of Excluded Parties is amended to remove Gibson, Dunn & Crutcher therefrom. For the avoidance of doubt, Gibson, Dunn & Crutcher is not an Excluded Party under the Plan.

- The proviso in Section 1.116 of the Plan identifying the Debtors' Related Parties is amended to include Gibson, Dunn & Crutcher as among the specified Related Parties (and therefore within the Plan's definitions of Exculpated Parties and Released Parties).

- Section 1.46(b) of the Plan is amended to read: "that is asserted by any of the Excluded Parties or any Disputing Claimant, which are Disputed Claims in their entirety and, as such, will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order or are Allowed pursuant to Section 8.2 of the Plan; or".

- The proviso in Section 8.1 of the Plan is amended to read: "*provided, however, that*, under the Plan, all Claims, including Note Claims or Unit Claims, asserted by any of the Excluded Parties or any Disputing Claimant are Disputed Claims in their entirety and will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order or are Allowed pursuant to Section 8.2 of the Plan."

- Section 3.1.3 is amended by adding the following sentence at the end thereof: "Nothing in the Plan shall release or change the character of any Priority Tax Claim except for the payment in full of Allowed Priority Tax Claims as required under this Section 3.1.3."

- Section 5.4.3 is amended by adding the following sentence at the end thereof: "Nothing in this Section 5.4.3 or elsewhere in the Plan will prevent any defendant on any Liquidation Trust Action brought against it from asserting any Secured Claim or defense to such Liquidation Trust Action based on setoff, recoupment, or contribution if such Secured Claim or defense could have been asserted by such defendant regarding such Liquidation Trust Action prior to the occurrence of the Effective Date."

All such modifications are incorporated by reference herein and approved. The disclosure of these modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, complies in all respects with Section 11.6 of the Plan and Bankruptcy Code section 1127, and the Bankruptcy Court hereby finds that such modifications are non-material, not adverse to any party in interest under the Plan, and, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code section 1125 and do not require the re-solicitation of any Class of Claims under Bankruptcy Code section 1126. The Plan as modified shall constitute the Plan submitted for Confirmation.

Based on the foregoing findings, and on the record made before the Bankruptcy Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

### Confirmation of the Plan

1. The Plan, as and to the extent modified by this Confirmation Order, is APPROVED and CONFIRMED pursuant to Bankruptcy Code section 1129.

2. Each provision of the Plan is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Plan. The terms of the

01:23612598.8

Plan, as previously modified and as modified by any modifications made by this Confirmation

Order, are incorporated by reference into and are an integral part of this Confirmation Order.

The failure specifically to describe, include, or refer to any particular article, section, part, or

provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order

shall not diminish or impair the effectiveness of such article, section, part, or provision, it being

the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and all related documents

be approved and confirmed in their entirety as if set forth verbatim in this Confirmation Order.

3.     Any resolutions of objections to Confirmation of the Plan or to the Plan

Settlements Motion explained on the record at the Confirmation Hearing are hereby incorporated

by reference. All unresolved objections, statements, joinders, comments, and reservations of

rights in opposition to or inconsistent with the Plan or the Plan Settlements Motion have been

fully considered by the Bankruptcy Court and are hereby DENIED and OVERRULED with

prejudice on the merits and in their entirety. All withdrawn objections are deemed withdrawn

with prejudice. The record of the Confirmation Hearing is hereby closed and such evidentiary

record shall not be amended, modified, or supplemented.

### Compromises and Settlements Under the Plan

4.     The Plan Settlements Motion is GRANTED as set forth herein. Pursuant to

Bankruptcy Code section 1123(b) and Bankruptcy Rule 9019, upon the Effective Date, all

settlements and compromises set forth in the Plan are approved in all respects as good faith, fair,

reasonable, and equitable compromises and settlements of all Claims or Causes of Action

affected thereby, as well as all other controversies and matters resolved pursuant to the Plan.

Entry of this Confirmation Order constitutes approval of all such compromises and settlements

pursuant to the Bankruptcy Rules, including Bankruptcy Rule 9019(a), the Bankruptcy Code,

including Bankruptcy Code sections 105(a), 1123(a)(5), 1123(b)(3), and 1123(b)(6), and other applicable law.

5.    In order to give effect to the Plan's comprehensive compromise and settlement,

(a)    On the Effective Date, unless held by Excluded Parties or Disputing Claimants (in which case such Claims are Disputed Claims), all Class 3 Standard Note Claims and all Class 5 Unit Claims are deemed Allowed under the Plan as set forth in the Schedule of Principal Amounts and Prepetition Distributions;

(b)    To the extent, and only to the extent, a Claim is Allowed by subparagraph (a) above, the following Liquidation Trust Actions are waived and released as to the applicable Noteholder or Unitholder (that is not a Disputing Claimant): (i) Liquidation Trust Actions to avoid or recover a Prepetition Distribution with respect to the subject Allowed Claim and (ii) Liquidation Trust Actions to avoid or recover a Debtor's prepetition payment of consideration representing the return or repayment of the principal of any Note or any Unit (which consideration is applied as such prior to determining the Outstanding Principal Amount for the Notes or Units relevant to the applicable Allowed Claim);

(c)    In accordance with Section 5.8 of the Plan, subject to the rights of Allowed Other Secured Claims, the Fund Debtors will be substantively consolidated into Woodbridge Mortgage Investment Fund 1, LLC and the Other Debtors will be substantively consolidated into Woodbridge Group of Companies, LLC;

(d)    The Holders of Allowed Claims in Class 3 (Standard Note Claims), Class 4 (General Unsecured Claims), Class 5 (Unit Claims), and Class 6 (Non-Debtor Loan Note Claims) will receive the treatment provided for such Holders under the Plan;

(e)    The Liquidation Trust will be created to most effectively and efficiently pursue the Liquidation Trust Actions for the collective benefit of all the Liquidation Trust Beneficiaries (as well as to own the membership interests of the Wind-Down Entity, establish and hold the Distribution Reserves, and receive and distribute to Noteholders, Holders of General Unsecured Claims, and Unitholders holding Liquidation Trust Interests the net proceeds of the liquidation of Wind-Down Assets by the Wind-Down Entity remaining after payment of Wind-Down Expenses, Liquidation Trust Expenses, and certain other Claims, all in accordance with the Plan); and

(f)    Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date

01:23612598.8

19

with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however,* that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by, the Liquidation Trust as to any Collateral that is Cash and, otherwise, the Wind-Down Entity so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

## Classification and Treatment

6.      The Plan's classification scheme is approved. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes; (c) may not be relied on by any Holder of a Claim as representing the actual classification of such Claim under the Plan for Distribution purposes; and (d) shall not be binding on the Debtors, the Estates, or the Liquidation Trust except for voting purposes.

## Authorization to Implement the Plan

7.      On the Effective Date, the certificates of incorporation, bylaws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan. The entry of this Confirmation Order shall constitute authorization for the Debtors, the Wind-Down CEO, the Liquidation Trustee, and the Remaining Debtors Manager, as applicable, to take or cause to be taken all actions (including, if applicable, Corporate Actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized

01:23612598.8

and approved by the Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or regulation.

8.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan or the Plan Supplement.

9.     Pursuant to Bankruptcy Code section 1146(a), any transfers of property pursuant to the Plan or made in connection therewith shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by section 1146(a).  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

10.     Issuance of the Liquidation Trust Interests in accordance with the Plan is approved.  The Liquidation Trust is authorized and empowered, without further approval of this Court or any other Person, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to implement the issuance of the Liquidation Trust Interests in accordance with the Plan and to execute and deliver all agreements, documents, securities, instruments, and certificates relating thereto.

01:23612598.8

11.    The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors, the Wind-Down CEO, the Liquidation Trustee, and the Remaining Debtors Manager, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

## Enforceability of Plan

12.    Pursuant to Bankruptcy Code sections 1123(a), 1141(a), and 1142, the Plan and all Plan-related documents (including the Liquidation Trust Agreement and the Wind-Down Governance Agreement upon their execution) shall be, and hereby are, valid, binding, and enforceable. Subject to Article IX of the Plan, upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the Debtors, all Creditors and Holders of Equity Interests, and all other Persons in accordance with their respective terms.

## Vesting of Assets

13.    On the Effective Date, the Wind-Down Entity will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Wind-Down Assets.  Except as specifically provided in the Plan or this Confirmation Order, the Wind-Down Assets shall automatically vest in the Wind-Down Entity free and clear of all Claims, Liens, or interests, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.  The Wind-Down Entity shall be the exclusive representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3)(B) regarding all Wind-Down Assets.

14.    On the Effective Date, the Liquidation Trust will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Liquidation Trust

01:23612598.8

Assets.  Except as specifically provided in the Plan or this Confirmation Order, the Liquidation

Trust Assets shall automatically vest in the Liquidation Trust free and clear of all Claims, Liens,

or interests subject only to the Liquidation Trust Interests and the Liquidation Trust Expenses, as

provided for in the Liquidation Trust Agreement, and such vesting shall be exempt from any

stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.  The

Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of

31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates

appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidation Trust

Assets.  The Liquidation Trust shall hold and distribute the Liquidation Trust Assets in

accordance with the provisions of the Plan and the Liquidation Trust Agreement.

       15.     Except as otherwise provided in the Plan or this Confirmation Order, from and

after the Effective Date, the Liquidation Trust will retain all rights to commence, pursue, litigate,

or settle, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of

Action that are Contributed Claims (whether existing as of the Petition Date or thereafter

arising), and all Avoidance Actions, all as Liquidation Trust Actions, in each case in any court or

other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases.

       16.     No Person may rely on the absence of a specific reference in the Plan or the

Disclosure Statement to any Avoidance Actions, Causes of Action, or Contributed Claims

against them as any indication that the Liquidation Trust will not pursue any and all available

Avoidance Actions, Causes of Action, or Contributed Claims against such Person.  The Debtors

and the Liquidation Trust expressly reserve all rights to prosecute any and all Avoidance

Actions, Causes of Action, or Contributed Claims against any Person other than the Released

Parties, in accordance with the Plan.

01:23612598.8

### Termination of Directors and Officers

17.     On the Effective Date, each of the Debtors' existing directors, officers, and managers shall be terminated automatically without the need for any Corporate Action and without the need for any corporate or limited liability company filings, and shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated).

### Wind Down and Dissolution of the Debtors

18.     Each Remaining Debtor shall continue in existence after the Effective Date as a post-Effective-Date entity for the purposes of ensuring, among other things, that Creditors will obtain the benefits of any allegedly transfer-restricted assets. Without the need for any Corporate Action and without the need for any corporate or limited liability company filings, (a) all Equity Interests of the Remaining Debtors issued and outstanding immediately before the Effective Date shall be automatically cancelled and extinguished on the Effective Date and (b) as of the Effective Date, new membership interests of each Remaining Debtor, representing all of the issued and outstanding membership interests of each such Remaining Debtor, shall be issued to the Liquidation Trust, which new membership interests so issued shall be deemed to have been offered and sold to the Liquidation Trust in reliance on the exemption from registration under the Securities Act afforded by section 4(a)(2) thereof. On and after the Effective Date, each Remaining Debtor will be a wholly-owned subsidiary of the Liquidation Trust, and the Liquidation Trust may expend with respect to such Remaining Debtor such amounts as the Liquidation Trust determines is appropriate, in its discretion. The sole manager of each Remaining Debtor shall be the Remaining Debtors Manager. The Remaining Debtors Manager's rights and powers with respect to operations, employment, compensation, indemnity, and exculpation as to each Remaining Debtor shall, to the greatest extent possible, be the same as its

01:23612598.8

rights and powers as Liquidation Trustee in connection with the Liquidation Trust, and the Remaining Debtors Manager may take such steps as appropriate to maintain the good standing of the applicable Remaining Debtor. Until a Remaining Debtor is dissolved, all cash or property received by the Remaining Debtor, gross or net of any expenses of the Remaining Debtor incurred after the Effective Date, shall be transferred to the Liquidation Trust. Each Remaining Debtor (a) shall have the Liquidation Trust as its sole member and the Liquidation Trust shall be deemed to be admitted as a member of each Remaining Debtor on the Effective Date, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of this Plan and the Liquidation Trust Agreement.

19.     On the Effective Date, each of the Debtors other than the Remaining Debtors will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken by or on behalf of such dissolving Debtor or any other Person or any payments to be made in connection therewith; *provided, however*, that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Debtors other than the Remaining Debtors. On and as of the earlier of the Closing Date and the date on which the Remaining Debtors Manager Files with the Bankruptcy Court a notice of dissolution as to a Remaining Debtor, such Remaining Debtor will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken by or on behalf of such dissolving Remaining Debtor or any other Person or any payments to be

made in connection therewith; *provided, however,* that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Remaining Debtors.

20.    Pursuant to Bankruptcy Code section 350 and Section 11.22 of the Plan, the closing of certain of the Cases is hereby authorized. Upon the Effective Date, the Cases, other than the Cases of the Remaining Debtors (Case Nos. 17-12560 (KJC) and 17-12786 (KJC)), will be deemed closed and no further fees in respect of such closed Cases will thereafter accrue or be payable to any Person. The Liquidation Trust may at any point File a motion to close the Case for either of the Remaining Debtors. As soon as practicable after the Effective Date, the Liquidation Trust shall submit a separate order to the Bankruptcy Court under certification of counsel, substantially in the form attached hereto as **Exhibit C** (the "Form Final Decree Order"), to the Bankruptcy Court to enter on the docket of each individual Debtor's Case to close such Case effective as of the Effective Date, except for the Cases of the Remaining Debtors. The Liquidating Trust shall reserve all rights to move to reopen a closed case. The closing of the Cases, other than the Cases of the Remaining Debtors, will in no way prejudice the Liquidating Trust's or the Wind-Down Entity's, as applicable, rights to object or otherwise contest a proof of Claim filed against any of the Debtors or to commence or prosecute any action to which any of the Debtors may be a party, or a claimant's rights to receive Distributions under the Plan to the extent such claimant's Claim is ultimately Allowed, nor will the closing of such Cases otherwise alter or modify the terms of the Plan.

**Cancellation of Equity Interests, Notes, Instruments, Certificates, and Other Documents**

21.    As of the Effective Date, all Equity Interests shall be deemed void, cancelled, and of no further force and effect, and the obligations of the Debtors thereunder or in any way related thereto, including any obligation of the Debtors to pay any franchise or similar-type taxes on

01:23612598.8

account of such Equity Interests, shall be discharged.  On and after the Effective Date, Holders

of Equity Interests shall not be entitled to, and shall not receive or retain any property or interest

in property under the Plan on account of such Equity Interests.

22.      Except to the extent necessary to give effect to the treatment of any Holder of an

Allowed Class 1 Claim pursuant to Section 3.2 of the Plan, any agreement, bond, certificate,

indenture, note, security, warrant, or other instrument or document evidencing or creating any

indebtedness or obligation of the Debtors shall be deemed cancelled on the Effective Date, and

all Liens, mortgages, pledges, grants, trusts, and other interests relating thereto shall be

automatically cancelled, and all obligations of the Debtors thereunder or in any way related

thereto shall be discharged.

## Plan Distributions

23.      The Wind-Down Entity and the Liquidation Trust, as applicable, shall make all

Distributions under the Plan and such Distributions shall be in accordance with the Plan and the

Liquidation Trust Agreement, as applicable.

24.      From and after the Effective Date, other than a proof of Claim relating to an

executory contract or unexpired lease that is rejected pursuant to the Plan, a proof of Claim

relating to any prepetition Claim may not be Filed or amended without the prior approval of the

Liquidation Trust or leave of the Bankruptcy Court.

## Administration of the Wind-Down Entity

25.      The Wind-Down Governance Agreement, substantially in the form filed with the

Plan Supplement, as such Plan Supplement may be amended in accordance with the Plan and this

Confirmation Order, is hereby approved.

26.      The appointment of Frederick Chin as the initial Wind-Down CEO is hereby

approved.  The Wind-Down CEO shall be compensated in the manner set forth in and consistent

01:23612598.8

with the Plan Supplement. The Wind-Down CEO shall have all powers, rights, duties, and

protections afforded the Wind-Down CEO under the Plan, including in Section 5.3 thereof, and

the Wind-Down Governance Agreement.

## Administration of the Liquidation Trust

27.     The Liquidation Trust Agreement, substantially in the form filed with the Plan

Supplement, as such Plan Supplement may be amended in accordance with the Plan and this

Confirmation Order, is hereby approved.

28.     The appointment of Michael Goldberg as the Liquidation Trustee is hereby

approved. The Liquidation Trustee shall be compensated in the manner set forth in and

consistent with the Liquidation Trust Agreement. The Liquidation Trustee shall have all powers,

rights, duties, and protections afforded the Liquidation Trustee under the Plan, including Section

5.4 thereof, and the Liquidation Trust Agreement.

## Executory Contracts and Unexpired Leases

29.     On the Effective Date, pursuant to Bankruptcy Code sections 365 and 1123,

(a) the Debtors' assumption of all executory contracts and unexpired leases identified on the

Schedule of Assumed Agreements (as it may be amended by the Debtors prior to the Effective

Date) is approved and (b) the Debtors' assignment of all such executory contracts and unexpired

leases to the Wind-Down Entity is approved. Except as to any objection that was resolved or

continued at the Confirmation Hearing, this Confirmation Order shall constitute a conclusive

determination regarding the amount of any cure and compensation due under the applicable

executory contract or unexpired lease, as well as a conclusive finding that the Wind-Down Entity

has demonstrated adequate assurance of future performance with respect to such executory

contract or unexpired lease, to the extent required. Absent order of the Bankruptcy Court to the

contrary, any counterparty to an executory contract or unexpired lease that failed to timely object

01:23612598.8

28

to the proposed assumption or proposed Cure Payment is hereby deemed to have assented to such assumption or Cure Payment. Any monetary defaults under each executory contract and unexpired lease that the Debtors assume and assign, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Payment.

30.    Assumption of any executory contract or unexpired lease and payment of the applicable Cure Payment, if any, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date the Debtors assume such executory contract or unexpired lease.

31.    Nothing in the Plan or this Confirmation Order, including any discharge, waivers, releases, or injunctions, shall adversely affect or prevent any counterparty to an unexpired lease or executory contract that is assumed from asserting, after the Effective Date, any claim that, as of the date of service of the Schedule of Assumed Agreements, was accrued but not yet required to be billed, or accrued after the date of service of the Schedule of Assumed Agreements, and is made in accordance with the terms of the assumed unexpired lease or executory contract.

32.    The Debtors shall have the right to remove an executory contract or unexpired lease from the Schedule of Assumed Agreements prior to the Effective Date. To the extent of any such modifications, the Debtors will provide notice to each counterparty to an affected executory contract or unexpired lease.

33.    On the Effective Date, pursuant to Bankruptcy Code sections 365 and 1123, the Debtors' rejection of all executory contracts and unexpired leases of the Debtors—except for (a) executory contracts and unexpired leases that have been previously assumed or rejected by

01:23612598.8

29

the Debtors, (b) executory contracts and unexpired leases that are set forth in the Schedule of

Assumed Agreements, and (c) any agreement, obligation, security interest, transaction, or similar

undertaking that the Debtors believe is not executory or a lease, but that is later determined by

the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption

or rejection under Bankruptcy Code section 365—is approved.

      34.     Any Rejection Claim or other Claim for damages arising from the rejection under

the Plan of an executory contract or unexpired lease must be Filed and served no later than *the*

*first Business Day that is at least thirty (30) calendar days after the Effective Date*. Any such

Rejection Claims that are not timely Filed and served will be forever disallowed, barred, and

unenforceable, and Persons holding such Claims will not receive and be barred from receiving

any Distributions on account of such untimely Claims.

## Administrative Claims

      35.     Subject to the last sentence of this paragraph, all requests for payment of an

Administrative Claim must be Filed with the Bankruptcy Court no later than *the first Business*

*Day that is at least thirty-five (35) calendar days after the Effective Date*. The failure to File a

motion requesting Allowance of an Administrative Claim on or before the Administrative Claims

Bar Date, or the failure to serve such motion timely and properly, shall result in the

Administrative Claim being forever barred and disallowed without further order of the

Bankruptcy Court. If for any reason any such Administrative Claim is incapable of being forever

barred and disallowed, then the Holder of such Claim shall in no event have recourse to any

property to be distributed pursuant to the Plan. Postpetition statutory tax claims shall not be

subject to any Administrative Claims Bar Date.

## Professional Fee Claims

36.     All final requests for payment of Professional Fee Claims pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363, 503(b), or 1103 must be made by application Filed with the Bankruptcy Court and served on counsel to the Liquidation Trust and counsel to the U.S. Trustee no later than *forty-five (45) calendar days after the Effective Date*, unless otherwise ordered by the Bankruptcy Court.

37.     All objections to the allowance of such Professional Fee Claims must be Filed and served on counsel to the Liquidation Trust, counsel to the U.S. Trustee, and the requesting Professional on or before the date that is twenty-one (21) calendar days after the date on which the applicable application was served (or such longer period as may be allowed by order of the Bankruptcy Court or by agreement with the requesting Professional).  For the avoidance of doubt, nothing set forth herein supersedes the Bankruptcy Court's *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 525] (the "Fee Examiner Appointment Order") and the procedure put in place thereby governing the Fee Examiner's review of Applications, as each of those terms are defined in the Fee Examiner Appointment Order.

38.     All Professional Fee Claims shall be paid by the Liquidation Trust to the extent approved by order of the Bankruptcy Court within five (5) Business Days after entry of such order.

## Releases, Injunction, and Exculpation

39.     The following release, injunction, exculpation, discharge, and related provisions set forth in Article XI of the Plan are hereby approved and authorized in their entirety.

40.     **Non-Discharge of the Debtors; Injunction.  In accordance with Bankruptcy Code section 1141(d)(3)(A), the Plan does not discharge the Debtors.  Bankruptcy Code**

01:23612598.8

section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Equity Interests against the Debtors.  As such, no Person holding a Claim or an Equity Interest may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Person under the Plan.  As of the Effective Date, all Persons are precluded and barred from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or this Confirmation Order.

41.    **Releases and Related Matters**.  On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Cases, or the Plan, except for acts or omissions that are determined in a Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in Section 11.11 of the Plan shall release or otherwise affect any Person's rights under the Plan or this Confirmation Order.

42.     **Exculpation and Limitation of Liability.**  On the Effective Date, for good and

valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent

permitted by law, none of the Exculpated Parties shall have or incur any liability to any

Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or

postpetition act or omission in connection with, relating to, or arising out of the Debtors,

the Cases, the formulation, negotiation, preparation, dissemination, solicitation of

acceptances, implementation, confirmation, or consummation of the Plan, the Disclosure

Statement, or any contract, instrument, release, or other agreement or document created,

executed, or contemplated in connection with the Plan, or the administration of the Plan or

the property to be distributed under the Plan; *provided, however*, that nothing in Section

11.12 of the Plan shall release or otherwise affect any Person's rights under the Plan or this

Confirmation Order; and *provided, further*, that the exculpation provisions of Section 11.12

of the Plan shall not apply to acts or omissions constituting actual fraud or willful

misconduct by such Exculpated Party as determined by a Final Order.  For purposes of the

foregoing, it is expressly understood that any act or omission effected with the approval of

the Bankruptcy Court conclusively will be deemed not to constitute actual fraud or willful

misconduct unless the approval of the Bankruptcy Court was obtained by fraud or

misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the

written advice of counsel with respect to their duties and responsibilities under, or in

connection with, the Cases, the Plan, and administration thereof.  This Confirmation Order

shall serve as a permanent injunction against any Person seeking to enforce any Causes of

Action against the Exculpated Parties that are encompassed by the exculpation provided by

Section 11.12 of the Plan.

01:23612598.8

43.     **Notwithstanding any provision in the Plan or this Confirmation Order to the contrary or an abstention from voting on the Plan, no provision of the Plan, or this Confirmation Order, (i) releases any non-debtor Person from any Cause of Action of the SEC; or (ii) enjoins, limits, impairs, or delays the SEC from commencing or continuing any Causes of Action, proceedings, or investigations against any non-debtor Person in any forum.**

44.     **Notwithstanding any provision in the Plan or this Confirmation Order to the contrary or an abstention from voting on the Plan, no provision of the Plan, or this Confirmation Order, (i) releases any non-debtor Person from claims of the United States related to the violation of any federal tax; or (ii) enjoins, limits, impairs, or delays the United States from commencing or continuing any actions, proceedings, or investigations against any non-debtor Person in any forum for claims related to the violation of any federal tax laws.  Moreover, notwithstanding any other provision of the Plan or Confirmation Order, the United States' rights, if any, to setoff and recoupment are preserved.**

### Payment of Statutory Fees

45.     All fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid by the Debtors on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Liquidation Trust. Notwithstanding the foregoing: (i) for the Remaining Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of all Estate Assets being distributed to the Liquidation Trust and the Wind-Down Entity on the Effective Date in the Chapter 11 Cases of the Remaining Debtors; (ii) for all other Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of disbursements (if

01:23612598.8

34

any) made by such Debtors prior to the Effective Date; and (iii) quarterly fees for each quarter after the quarter in which the Effective Date occurs will be $325.00 for any Remaining Debtors through the entry of the Final Decree for any of the Remaining Debtors or the dismissal or conversion of the Chapter 11 Cases regarding the Remaining Debtors. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

## Dissolution of the Committees

46.     Each of the Committees shall be automatically dissolved on the Effective Date and, on the Effective Date, each member of the Committees (including each Related Party thereof) and each Professional retained by any of the Committees shall be released and discharged from all rights, duties, responsibilities, and obligations arising from, or related to, the Debtors, their membership on any of the Committees, the Plan, or the Cases, except with respect to (a) any matters concerning any Professional Fee Claims held or asserted by any Professional retained by any of the Committees and (b) the right of former Noteholder Committee and Unitholder Committee members to select a successor Noteholder Committee or Unitholder Committee designee, respectively, on the Liquidation Trust Supervisory Board.

## Tax-Specific Provisions

47.     The Liquidation Trust shall be established for the purpose of pursuing or liquidating the Liquidation Trust Assets and making Distributions to the Liquidation Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. The administration of the Wind-Down Assets by the Wind-Down Entity in accordance with the Plan and the Wind-Down Governance Agreement is consistent with the absence of any objective to continue or engage in the conduct of a trade or business.

01:23612598.8

48.     The fair market value of the Wind-Down Assets and the Liquidation Trust Assets as of the Effective Date has been determined as set forth on **Exhibit D**.  Such fair market values shall control for all tax and financial reporting purposes with respect to the Distributions pursuant to the Plan and the value of the Wind-Down Assets and the Liquidation Trust Assets as of the Effective Date.

49.     Nothing in the Plan or this Confirmation Order shall constitute a declaratory judgment as to whether the proposed Liquidating Trust qualifies under 26 C.F.R.§ 301.7701-4(d).

### Additional Provisions Regarding Recording Officers

50.     The Plan and this Confirmation Order are and shall be binding on and shall govern acts of all Persons, including all escrow agents, filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments relating to any Estate Assets (all such Persons being referred to as "Recording Officers").

51.     **Upon the occurrence of the Effective Date, all transactions contemplated by the Plan, including the vesting of the Wind-Down Assets in the Wind-Down Entity, the vesting of the Liquidation Trust Assets in the Liquidation Trust, and the release and discharge of Intercompany Liens and other Liens under the Plan, shall be deemed fully effective and to have occurred as a matter of law without the necessity of any other or further transfer documentation, forms, documents, paperwork, or anything else, and all Recording Officers are hereby instructed and directed to facilitate, recognize, and otherwise give full force and effect to the transactions effectuated by the Plan and this**

01:23612598.8

**federal court order. In the event that any Recording Officer refuses to give full force and effect to the transactions effectuated as a matter of law by the Plan and this Confirmation Order, the Wind-Down Entity or the Liquidation Trust may pursue any and all appropriate remedies (including sanctions) against such Person before this Bankruptcy Court. A certified copy of this Confirmation Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims, Liens, and other interests against or regarding the Estate Assets recorded prior to the date of this Confirmation Order, other than Liens that specifically survive after the Effective Date pursuant to the Plan.**

52.    Without limiting the generality of the preceding paragraph, from and after the Effective Date, subject to the supervision of the Wind-Down Board and the provisions of the Wind-Down Governance Agreement, all Recording Officers must recognize that the Wind-Down CEO has the full legal authority, right, and power to (a) sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Wind-Down Assets or any part thereof or any interest therein, including through the formation on or after the Effective Date of any new or additional legal entities to be owned by the Wind-Down Entity to own and hold particular Wind-Down Assets separate and apart from any other Wind-Down Assets, upon such terms as the Wind-Down CEO determines to be necessary, appropriate, or desirable; and (b) exercise and enforce all rights and remedies regarding any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor, including any such rights or remedies that any Debtor or any Estate was entitled to exercise or enforce prior to the Effective Date on behalf of a Holder of a Non-Debtor Loan Note Claim, and including rights of collection, foreclosure, and all other rights and remedies arising under any

01:23612598.8

promissory note, mortgage, deed of trust, or other document with such underlying borrower or
under applicable law.

## Notice of Entry of Confirmation Order and Effective Date

53.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Liquidation Trust is hereby
authorized to serve a notice of entry of this Confirmation Order and the occurrence of the
Effective Date, substantially in the form attached hereto as **Exhibit B** (the "Notice of
Confirmation and Effective Date") no later than five (5) Business Days after the Effective Date,
on all Holders of Claims against or Equity Interests in the Debtors.  The form of the Notice of
Confirmation and Effective Date is hereby approved in all respects.  The Notice of Confirmation
and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation
Order and of the relief granted herein, and of all related deadlines under the Plan, and no other or
further notice need be given of entry of this Confirmation Order, the occurrence of the Effective
Date, or the related deadlines under the Plan.  Notice need not be given or served to any Person
for whom any prior notices sent during these Cases have been returned as undeliverable, unless
the Debtors have been informed in writing by such Person of that Person's new address.

## Preemptive Effect

54.     Pursuant to Bankruptcy Code sections 1123(a) and 1123(b) as well as general
principles of federal supremacy, the provisions of this Confirmation Order, the Plan, and related
documents or any amendments or modifications thereto shall apply and be enforceable
notwithstanding any otherwise applicable nonbankruptcy law.  Without limiting the generality of
the preceding sentence, any applicable nonbankruptcy law that would prohibit, limit, or
otherwise restrict implementation of the Plan based on (a) the commencement of the Cases,
(b) the appointment of the Liquidation Trustee or the Wind-Down CEO or the Remaining
Debtors Manager, (c) the wind down of the Debtors, (d) the liquidation of some or all of the

01:23612598.8

Liquidation Trust Assets or the Wind-Down Assets, or (e) any other act or action to be done pursuant to or contemplated by the Plan is superseded and rendered inoperative by the Plan and federal bankruptcy law.

### Retention of Jurisdiction and Power

55.    Pursuant to Bankruptcy Code sections 105(a) and 1142, the Bankruptcy Court shall retain jurisdiction and judicial power over all matters arising out of, or related to, these Cases and the Plan to the fullest extent permitted by law, including jurisdiction and power to take the actions listed in Section 10.1 of the Plan and to consider any motions Filed pursuant to Section 10.2 of the Plan.

### Rules Governing Conflicts Between Documents

56.    The provisions of this Confirmation Order, including the findings of fact and conclusions of law set forth herein, and the provisions of the Plan are integrated with each other, nonseverable, and mutually dependent unless expressly stated by further order of the Bankruptcy Court. The provisions of the Plan, the Plan Supplement, and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however,* that if there is any direct conflict between the terms of the Plan or the Plan Supplement and the terms of this Confirmation Order that cannot be reconciled, then, solely to the extent of such conflict, (i) the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence; and (ii) as to all other agreements, instruments, or documents, the provisions of the Plan shall govern and take precedence (unless otherwise expressly provided for in such agreement, instrument, or document).

01:23612598.8

## Extension of Injunctions and Stays

57. All injunctions or stays in the Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays contained in or arising from the Plan or this Confirmation Order), shall remain in full force and effect through and inclusive of the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

## Finality and Immediate Effect of Confirmation Order

58. This Confirmation Order (a) is a final order and the period in which an appeal must be filed shall commence upon the entry hereof; and (b) shall be immediately effective and enforceable upon the entry hereof.

Dated: ___Oct 26___, 2018
Wilmington, Delaware

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

