IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Debtors.<br>_____<br>MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>RON DRAPER,<br><br>Defendant. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br>(Jointly Administered)<br><br><br><br>Adversary Case No. 19-50347 (JKS) |

## RONALD DRAPER'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

On December 11, 2024, Michael Goldberg, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of the Woodbridge Group of Companies, LLC, et al. (hereafter, the "Plaintiff"), by and through his counsel, filed:

- *Plaintiff's Motion for Partial Summary Judgment [D.N. 103][1]* (the "Motion");

- *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative Summary Adjudication [D.N. 104]* (the "Memorandum");[2]

---

[1] All references to Docket Numbers are for this Adversary Proceeding.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Memorandum.

1

- *Declaration of Bradley D. Sharp in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication [D.N. 105]* (the "Sharp Declaration");

- *Declaration of Nicholas R. Troszak in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative Summary Adjudication [D.N. 106]* (the Troszak Declaration");

- *Declaration of Jason S. Pomerantz, in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative Summary Adjudication [D.N. 107]* (the "Pomerantz Declaration"); and

- *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication [D.N. 108]* (the "Request for Judicial Notice").

Pursuant to the Motion, the Memorandum, the Sharp Declaration, the Troszak Declaration, the Pomerantz Declaration, and the Request for Judicial Notice (collectively, the "Summary Judgment Motion"), the Plaintiff seeks the entry of an order: (i) granting all counts set forth in the *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 & 550 [D.N. 1]* (the "Complaint"), which collectively total $ 615,876.62, excluding interest; and (ii) an award of interest in an amount to be determined at a future hearing.

Ronald Draper (the "Defendant") objects to the Summary Judgment Motion. Summary judgment is not appropriate at this time since the parties agreed to a pause in the written discovery in this matter. The Plaintiff did not rescind such pause, nor did the Plaintiff provide the answers and responses to the pending written discovery that would have allowed the Defendant to set forth a proper factual defense to the Summary Judgment Motion. Accordingly, the Summary Judgment Motion should be denied. In further support of the Objection the Defendant respectfully states as follows:

*[Remainder of Page Intentionally Left Blank]*

# FACTS AND PROCEDURAL HISTORY

1.      On July 29, 2024, Defendant timely served *Defendant Ronald Draper's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents Propounded by Defendant* (the "Defendant's Discovery Requests") upon counsel for the Plaintiff. The Defendant's Discovery Requests consisted of: (i) 25 requests for admission (the "Requests for Admission"); (ii) 25 interrogatories (the "Interrogatories"); and (iii) 37 requests for the production of documents (the "Document Requests"). A copy of the Discovery Requests are attached hereto as <u>Exhibit A</u>.

2.      On August 8, 2024, counsel for the Defendant emailed counsel for the Plaintiff about pausing the ongoing discovery obligations for both parties, stating, in pertinent part:

> Dear Mr. Pomerantz and Mr. Nolan,
>
> I am writing to you about the pending discovery requests that were served in the following adversary proceedings:
>
> > Ronald Cole;
> >
> > Ronald Draper;
> >
> > Jennifer Tom; and
> >
> > Christian Lester.
>
> As you are aware, we have been working hard, and in good faith, to settle all of these matters.
>
> In fact, since we last spoke, Mr. Cole's case has been settled, so there is no need to respond to his discovery requests.

3

> While our settlement efforts are ongoing, I don't want the Liquidation Trustee to incur these costs and expenses that will be entailed by having to respond to the pending discovery requests for Draper, Tom, and Lester. (In fact, the burden and costs of responding to these discovery requests could impede settlement, which I would like to avoid.)
>
> Accordingly, I propose that we pause each side's pending discovery deadlines under the Scheduling Orders entered in these Adversary Proceedings.

A copy of the August 8th email correspondence is attached hereto as <u>Exhibit B</u>.

3. On August 26, 2024, counsel for the Plaintiff responded, stating, in pertinent part:

> Curtis,
>
> I'm not sure how many matters you have remaining with Jason, but I believe you and I have two matters remaining.
>
> It is acceptable to mutually extend discovery deadlines on written discovery. We will need to keep an eye I'm producing documents in particular on short notice should we be unsuccessful in resolving the remaining cases. If that is acceptable we are in agreement.
>
> Please keep us in the loop as you have done in some of the adversaries with moving the matters back into the litigation track that no progress is forthcoming.

A copy of the August 26th email is attached hereto as <u>Exhibit C</u>.

4. After the foregoing exchange of emails, the parties reached settlements on the adversary proceedings for Ron Cole, Jennifer Tom, and Christian Lester.[3] A settlement with the Defendant, however, had not yet been reached.

5. On December 11, 2024, the Plaintiff filed the Summary Judgment Motion.

---

[3] The settlement with Lester was not, however, consummated.

6. Prior to filing the Summary Judgment Pleadings, the Plaintiff did not respond to the Defendants' Discovery Requests, presumably due to the parties above-noted agreement to "pause" discovery responses pending their ongoing settlement discussions.

**<u>OBJECTION</u>**

7. The Court should not adjudicate the Summary Judgment Motion at this time because the Defendant will be materially prejudiced by the Plaintiff's failure to respond to any of the Defendant's Requests for Admissions, Interrogatories, and Requests for Production.

8. Absent responses to the Defendant's Discovery Requests, the Defendant does not have the evidence necessary to counter and rebut the facts set forth in the Plaintiff's Summary Judgment Motion.

9. Moreover, this is especially the case, since the Defendant was not served with the Plan, Disclosure Statement, or notice of the Confirmation Hearing, and is therefore not bound by the Bankruptcy Court's finding that the Debtors were operating as a Ponzi scheme, and is therefore not precluded from mounting a credible "ordinary course of business defense" to preference liability.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth above, the Firm respectfully requests that the Court deny the Summary Judgment Motion.

Dated:  December 26, 2024            LAW OFFICE OF CURTIS A. HEHN

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone:  (302) 294-2591
Fax:  (302) 351-7214
Email:  curtishehn@comcast.net

*Counsel for Defendant Ronald Draper*